UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jessica Lynne Preston,

             Plaintiff,        Case No. 18-12158

v.                                Judith E. Levy
                                United States District Judge

County of Macomb, Sheriff
Anthony M. Wickersham, Correct   Mag. Judge Mona K. Majzoub
Care Solutions, LLC, Dr. Lawrence
Sherman, David Arft, RN, HAS,
Temitipe Olagbaiye, NP; Monica
Cueny, RN, Cynthia Deview, RN,
Amanda Bishop, LPN, Jaclyn
Lubanski, LPN, Corrections
Officer Jeffrey Rattray,

             Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANT WICKERSHAM'S MOTION TO DISMISS [6]

Plaintiff Jessica Lynne Preston filed a complaint bringing claims for violations of the Due Process Clause of the Fourteenth Amendment of the United States Constitution against Macomb County and Sheriff Anthony M. Wickersham, as well as Correct Care Solutions, LLC ("CCS") and Lawrence Sherman, David Arft, Temitipe Olagbaiye, Monica Cueny,

Cynthia Deview, Amanda Bishop, and Jaclyn Lubanski ("corporate defendants"). (Dkt. 1.) During plaintiff's pre-trial detention, she gave birth to her son. (*Id.* at 2.) Plaintiff asserts that defendants were deliberately indifferent to her serious medical needs and subjected her to inhumane and unsanitary conditions of confinement. Wickersham filed a motion to dismiss on July 18, 2018 (Dkt. 6), and the corporate defendants filed a motion to dismiss on August 9, 2018. (Dkt. 27.) A hearing is scheduled on these motions for January 14, 2019. (Dkt. 40.) Wickersham's motion is currently before the Court.

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausible claim need not contain "detailed factual

allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A lawsuit against an officer in his official capacity is "in all respects other than the name, to be treated as a suit against the entity." *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, official-capacity claims are redundant when the entity itself is named, and it is appropriate for courts to dismiss such claims. *Foster*, 573 F. App'x at 390 (citing *Faith Baptist Church v. Waterford Twp.*, 522 F. App'x 322, 327 (6th Cir. 2013)).

Plaintiff's claims against Wickersham fail to survive his motion to dismiss. Here, plaintiff sues Wickersham in his official capacity. (Dkt. 1 at 1.) Therefore, the claims are redundant so long as Macomb is also named, as it is. *See Foster*, 573 F. App'x at 390. Accordingly, Wickersham's motion to dismiss (Dkt. 6) is **GRANTED.** Wickersham is dismissed from this case, and he need not appear for the hearing on

January 14, 2019.

IT IS SO ORDERED.

Dated: December 14, 2018      s/Judith E. Levy
    Ann Arbor, Michigan       JUDITH E. LEVY
                                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 14, 2018.

                                         s/Shawna Burns
                                         SHAWNA BURNS
                                         Case Manager