UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jessica Lynne Preston,

          Plaintiff,        Case No. 18-12158

v.                              Judith E. Levy
                               United States District Judge
County of Macomb, *et al.*,
                               Mag. Judge Elizabeth A. Stafford
          Defendants.

_____/

ORDER GRANTING IN PART AND REQUESTING SUPPLEMENTAL BRIEFING REGARDING DEFENDANT MACOMB COUNTY'S MOTION FOR LEAVE TO EXCEED DISPOSITIVE MOTION PAGE LIMIT AND TO FILE EXHIBIT UNDER SEAL [100] AND REQUESTING SUPPLEMENTAL BRIEFING REGARDING THE MEDICAL DEFENDANTS' MOTION TO SEAL EXHIBITS A, B, AND C TO THEIR MOTION FOR SUMMARY JUDGMENT [102]

Before the Court is Defendant Macomb County's motion for leave to exceed the dispositive motion page limit and to file an exhibit to its motion for summary judgment under seal (ECF No. 100) as well as Defendants Correct Care Solutions, LLC ("CCS"); Lawrence Sherman, M.D.; Cynthia Deview, R.N.; Amanda Bishop, L.P.N.; and Jaclyn Lubanski, L.P.N. (hereinafter, jointly "the Medical Defendants") motion

to seal exhibits A, B, and C to their motion for summary judgment (ECF No. 102). Plaintiff does not object to Defendant Macomb County's motion for leave to file excess pages. (ECF No. 100, PageID.1976.) For the reasons set forth below, the Court will grant Defendant Macomb County's request for leave to file excess pages but will require supplemental briefing to address both Defendant Macomb County's and the Medical Defendants' motions to seal exhibits.

Eastern District of Michigan Local Rule 5.3 governs civil material filed under seal.[1] "There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). A request for a seal must be "narrowly tailored. . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2).

The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id.* at (b)(3)(B)(i). Even if no party objects to a motion to seal, the "district court that chooses to seal court records must set forth specific

---

[1] Under Eastern District of Michigan Local Rule 5.3, "the unredacted version may be filed under seal for the limited purpose of resolving the motion to seal without a prior court order." E.D. Mich. LR 5.3(b)(3)(A)(vi). Defendant Macomb County and the Medical Defendants filed the exhibits at issue in this motion under seal in accordance with this Rule. (ECF Nos. 104–106, 108.)

findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

Both Defendant Macomb County and the Medical Defendants seek to file portions of Plaintiff's medical treatment records and summary charts of those records under seal. (ECF No. 100, PageID.1981; ECF No. 102, PageID.2029; ECF Nos. 104–106, 108.) Similarly, the parties base their request to seal Plaintiff's medical treatment records on the contention that these records contain health information that is protected by various state and federal privacy laws, including the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d *et seq.* (ECF No. 100, PageID.1981; ECF No. 102, PageID.2029.) The parties do not engage with, or even cite, the *Shane Group* factors. (*Id.*)

3

Defendant Macomb County and the Medical Defendants have not overcome the strong presumption in favor of open judicial records based on their requests as written. *See Shane Grp.*, 825 F.3d at 305. Plaintiff has placed her medical condition at issue through her complaint alleging constitutional violations related to her medical needs. "[A] mere reference to HIPAA does not mean that the Court should automatically grant [a party's] motion to seal. On the contrary, plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had." *Tyson v. Regency Nursing, LLC*, No. 3:17-CV-91-DJH, 2018 WL 632063, at *1 (W.D. Ky. Jan. 30, 2018); *see also Mitchell v. Tennessee*, No. 3:17-CV-00973, 2020 WL 6712169, at *2 (M.D. Tenn. Nov. 16, 2020) (citing cases). Additionally, the Court finds that the public has great interest in this action generally, which concerns Plaintiff's allegations that she received deliberately indifferent medical care related to the birth of her child in a jail in Macomb County. *Shane Grp.*, 925 F.3d at 306.

Nor have the parties demonstrated why the seal itself is no broader than necessary. *Id.*; E.D. Mich. LR 5.3(b)(2). Defendant Macomb County and the Medical Defendants both seek to seal the entirety of Plaintiff's

Macomb County jail records, CCS medical records, and Plaintiff-provided medical records (*see* ECF Nos. 104–106, 108), despite the fact that numerous details from these records are directly incorporated into the motions for summary judgment themselves (*see, e.g.,* ECF No. 103, PageID.2044–2051; ECF No. 107, PageID.3452–3454) and at least several pages of the exhibits include information or entire pages that do not relate to Plaintiff's medical information (e.g., an Inmate Property Receipt record). (*See, e.g.,* ECF No. 104, PageID.3347.) Defendant Macomb County and the Medical Defendants have failed to demonstrate why this request is narrowly tailored to cover only the sensitive, confidential information. *See Shane Grp.*, 825 F.3d at 305–06; E.D. Mich. LR 5.3(b)(2). Accordingly, the Court will require Defendant Macomb County and the Medical Defendants to supplement their motions to seal exhibits with briefing that addresses the *Shane Group* factors as applied to the proposed sealed exhibits as presented, or alternatively, to provide alternative versions of the proposed sealed exhibits that are narrowly tailored as set forth above.

In conclusion, Defendant Macomb County's motion for leave to exceed the dispositive motion page limit and to file an exhibit to its

motion for summary judgment under seal (ECF No. 100) is **GRANTED IN PART**. Defendant Macomb County's request for leave to file excess pages to its motion for summary judgment is **GRANTED**.

Defendant Macomb County and the Medical Defendants are to file supplemental briefing addressing the *Shane Group* factors to allow the Court to adjudicate their motions to seal exhibits to their motions for summary judgment (*see* ECF Nos. 100, 102). Additionally, Defendant Macomb County and the Medical Defendants may file redacted or otherwise adjusted versions of the exhibits they intend to seal alongside briefing addressing the *Shane Group* factors in relation to these new exhibits. Briefing and any adjusted versions of the exhibits sought to be sealed are to be filed by **October 22, 2021.**

IT IS SO ORDERED.

Dated: October 13, 2021                     s/Judith E. Levy
Ann Arbor, Michigan                         JUDITH E. LEVY
                                            United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 13, 2021.

                                            s/William Barkholz

                                          WILLIAM BARKHOLZ
                                          Case Manager