## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Jessica Lynne Preston,

                        Plaintiff,        Case No. 18-12158

v.                                 Judith E. Levy
                                 United States District Judge

County of Macomb, *et al.*,

                                 Mag. Judge Elizabeth A. Stafford

                  Defendants.

_____/

## <u>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL [95]</u>

Before the Court is Plaintiff Jessica Lynne Preston's motion to compel discovery. (ECF No. 95.) Specifically, Plaintiff seeks to compel Defendant Macomb County to identify the Macomb County Information Technology ("IT") specialist, to compel that IT specialist to consult with Plaintiff's IT expert regarding potential recovery of lost electronically stored information ("ESI"), and to produce the hard drive in which the documents Plaintiff seeks were overwritten. (*See id.* at PageID.1270.)

For the reasons set forth below, the Court denies Plaintiff's motion to compel discovery.

### I.       Background

This case stems from Plaintiff's allegations that she received deliberately indifferent medical care related to the birth of her child in a jail in Macomb County. (*See* ECF No. 63.) The parties have engaged in several discovery dispute conferences with the Court regarding alleged documents created and maintained by former Macomb County Jail Administrator Michelle Sanborn. (*See* ECF Nos. 87, 89.)

After the Court decided at the October 28, 2020 discovery dispute conference that Plaintiff was to be allowed to depose Sanborn, Sanborn was deposed on February 18, 2021. (*See* ECF No. 95, PageID.1276; ECF No. 99, PageID.1460.) During this deposition, Sanborn testified regarding extensive meeting notes and documents that she previously held regarding her work as the former Jail Administrator, which were kept in both physical paper form as well as electronically stored. (*See* ECF No. 95, PageID.1276; ECF No. 95-13, PageID.1330.) However, the events giving rise to Plaintiff's complaint—specifically, the events surrounding the birth of her child at the Macomb County Jail—occurred on and around March 20, 2016, and Sanborn retired from her role as Jail Administrator in April of 2016. (ECF No. 99, PageID.1461.) Upon Sanborn's retirement, all of her documents—in both paper and electronic

2

format—were left in possession of Macomb County Jail. (ECF No. 95-13, PageID.1323.) Defendant Macomb County admits that at some point within approximately one-and-a-half years after Sanborn's retirement (i.e., at least eight months before the instant complaint was filed), Defendant Macomb County disposed of the Sanborn documents. (ECF No. 99, PageID.1462.)

Following Sanborn's deposition, in March of 2021, Plaintiff requested a discovery dispute conference with the Court to address the documents referenced by Sanborn in her deposition. (E-mail from Harold Perakis, Plaintiff's counsel, to William Barkholz, Case Manager to Judge Judith E. Levy (Mar. 2, 2021 14:26 EST)) (on file with the Court). Specifically, Plaintiff believed that those referenced documents were responsive to Plaintiff's requests for production served in January and May of 2020, and Plaintiff requested Defendant Macomb County supplement their responses with those Sanborn documents. (*Id*.) In response, Defendant Macomb County alleged that most of the Sanborn documents were disposed of following Sanborn's retirement. (E-mail from John Schapka, Defendant Macomb County's counsel, to William Barkholz, Case Manager to Judge Judith E. Levy (Mar. 8, 2021 13:10

EST)) (on file with the Court). Additionally, Defendant Macomb County alleged that Plaintiff's counsel had previously been informed of the documents' disposal in the context of other depositions in cases unrelated to the case at hand. (*Id*.)

The parties met with the Court for a discovery dispute conference on March 9, 2021. (ECF No. 89.) At that time, the Court ordered Defendant Macomb County to supplement their responses to Plaintiff's requests for production to provide any Sanborn documents remaining as well as to indicate why Defendant Macomb County believed electronic versions of these documents do not exist. The supplement was to include an indication of the type of document retention system used for Sanborn's electronic files. All supplementation was to occur by two weeks from the March 9 conference (i.e., by March 23, 2021). The Court indicated that it may be appropriate for Defendant Macomb County to have a computer forensics expert talk with Defendant Macomb County's IT department in the event they were unable to evaluate their server files. Additionally, the Court stated that once Defendant Macomb County had produced responsive documents and explained why further documents could not be obtained, Plaintiff could then decide whether it was appropriate to either

4

(1) file a motion to hire a computer forensic expert to undertake an evaluation of Defendant Macomb County's electronic storage system to see if those documents did indeed remain on the server, or, instead, (2) file a motion for an adverse inference if the Sanborn documents were not able to be produced.

On May 27, 2021, Plaintiff's counsel again contacted the Court to request another discovery dispute conference or to request permission to file a motion to compel. (E-mail from Harold Perakis, Plaintiff's counsel, to William Barkholz, Case Manager to Judge Judith E. Levy (May 27, 2021 10:00 EST)) (on file with the Court). According to Plaintiff's counsel, since the March 9, 2021 discovery dispute conference, Defendant Macomb County's counsel had informed Plaintiff's counsel that "a few, or some of the [Sanborn] documents were found." (*Id*.) Despite Plaintiff's counsel's request for those documents to be sent, for the name of the Macomb County IT specialist to be shared with Plaintiff's counsel, and for the hard drive(s) that contained the documents to be provided—as well as numerous reminders in follow up—Defendant Macomb County's counsel had failed to do so. (*Id*.) The Court initially set a discovery dispute conference for June 3, 2021 (*see* ECF No. 91) but canceled the conference

in light of Defendant Macomb County's failure to produce the Sanborn documents that were found. The Court informed Plaintiff's counsel that Plaintiff would be permitted to file a motion to compel in lieu of the conference. (E-mail from William Barkholz, Case Manager to Judge Judith E. Levy, to Harold Perakis, Plaintiff's counsel (Jun. 2, 2021 10:43 EST)) (on file with the Court).

On June 10, 2021, Plaintiff's counsel emailed the Court, with permission from Defendant Macomb County's counsel, to inform the Court that Defendant Macomb County had sent a disc containing approximately 900 documents that were alleged to meet the prior production requirements. (E-mail from Harold Perakis, Plaintiff's counsel, to William Barkholz, Case Manager to Judge Judith E. Levy (Jun. 10, 2021 12:46 EST)) (on file with the Court). Plaintiff's counsel indicated that he was in the process of reviewing the responsive documents. (*Id.*)

On July 14, 2021, Plaintiff filed a motion to compel discovery. (ECF No. 95.) On July 23, 2021, Defendant Macomb County filed a response. [1]

---

[1] The Court recognizes that Defendant Macomb County's response included a request for sanctions against Plaintiff because "Plaintiff's motion is made for no legitimate purpose, is wholly devoid of legal authority, and is made in bad faith."

(ECF No. 99.) Plaintiff has not filed a reply, and the time allotted to do so has passed.

## II.   Legal Standard

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citations omitted). "Generally, Federal Rule of Civil Procedure 26(b) enables parties to discover any unprivileged evidence or information relevant to their claim. Fed. R. Civ. P. 26(b)(1). However, district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)).

"It is generally accepted that deleted computer files are discoverable." *FCA US LLC v. Bullock*, 329 F.R.D. 563, 569 (E.D. Mich.

---

(ECF No. 99, PageID.1456.) The Sixth Circuit has interpreted Federal Rule of Civil Procedure 11(c)(2) as including a procedural requirement that a request for sanctions be made in a separate motion or combined with a motion for sanctions arising under another provision. *Ridder v. City of Springfield*, 109 F.3d 288, 294 n.7 (6th Cir. 1997); *see also Gingiloski v. Com. Recovery Servs.*, No. 2:16-CV-13273, 2017 WL 2334946, at *7 (E.D. Mich. May 30, 2017). Accordingly, the Court will not consider Defendant Macomb County's request for sanctions as contained in its response to Plaintiff's motion to compel.

2019), recon denied, No. 17-CV-13972, 2019 WL 3315275 (E.D. Mich. July 24, 2019) (quoting *Ameriwood Industries, Inc. v. Liberman*, No. 06-524, 2006 WL 3825291 (E.D. Mo. Dec. 27, 2006), amended by 2007 WL 685623 (E.D. Mo. Feb. 23, 2007)). However, while "forensic imaging is not uncommon in the course of civil discovery" and "district courts have, for various reasons, compelled the forensic imaging and production of opposing parties' computers," "courts have been cautious in requiring the mirror imaging of computers where the request is extremely broad in nature and the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantiated in nature." *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). However, "[i]n situations where a party can show improper conduct on the part of the responding party, a forensic examination may be appropriate." *Audio Visual Innovations, Inc. v. Burgdolf*, 2014 WL 505565, at *3 (E.D. Mich. Feb. 3, 2014). "Imaging is allowed only on a finding that the opponent's document production has been inadequate and that a search of the opponent's computer could recover deleted relevant materials." *Id.*

## III.  Analysis

The Court declines to compel Defendant Macomb County to identify a Macomb County IT specialist who would know how and when the Sanborn documents that are unable to be recovered were overwritten, to require that same IT specialist to consult with an unknown IT expert of Plaintiff, and to produce the hard drive in which the ESI was overwritten to determine if those documents can be retrieved or recovered.

As a preliminary matter, to the extent Plaintiff's motion is premised on the contention that the Court ordered Defendant Macomb County at the March 9, 2021 conference to (1) provide the hard drive on which the Sanford documents were allegedly kept, (2) to identify the name of the Macomb County IT specialist who would have been responsible for any overwriting of the ESI, or (3) to identify the name of the Macomb County IT specialist that was going to attempt to recover the electronically stored Sanborn documents starting in March of 2021, Plaintiff is incorrect. (*See* ECF No. 95, PageID.1271–1272, 1276.) At that time, the Court ordered Defendant Macomb County to conduct a thorough search of its servers, supplement their production request responses with any remaining physical or electronic Sanborn documents, provide the rationale as to why Defendant Macomb County believed electronic versions of the

Sanborn documents not found in the search do not exist, and to clarify the type of document retention system used for Sanborn's electronic files. While Defendant Macomb County did not do so within the two-week period initially set by the Court, Defendant Macomb County has now done so—and, indeed, did so *before* Plaintiff filed the motion to compel now before the Court. (ECF No. 95, PageID.1274.) Defendant Macomb County did not have any obligation stemming from the Court's directives on March 9, 2021 to provide Plaintiff with any version of, or means of directly viewing, the actual electronic storage system itself used by Defendant Macomb County or to otherwise identify any past or present IT employee who had engaged with the Sanborn Documents.

Nor has Plaintiff demonstrated that Defendant Macomb County should be compelled in this manner now. Plaintiff's motion to compel sidesteps the fact that Defendant Macomb County asserts that it has undergone a comprehensive search of their electronic storage system "for any data (1) originating with or referencing Sanborn, and (2) touching upon CCS" and produced all (approximately 900) documents found through that search. (*See* ECF No. 99, PageID.1463.) Plaintiff argues (without explanation) that it would be a "relatively inexpensive process"

to get "answers to the questions presented by Plaintiff's Motion to Compel[,]" but does not indicate how the "hard drive" would be examined after production (e.g., imaging, limited search terms by a forensic expert) or whether there is any evidence to indicate that there are more Sanborn documents capable of being recovered from the electronic storage system. (ECF No. 95, PageID.1287–1288.) Ultimately, Plaintiff's motion is premised on the contention that Plaintiff is "entitled to understand" why the Sanborn documents created in the preceding three years before the events giving rise to the complaint were largely destroyed or lost. (ECF No. 95, PageID.1288.)

First, Plaintiff has offered no evidence to suggest that Defendant Macomb County is withholding discoverable information. "[M]ere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures." *Goetz*, 531 F.3d at 460; *see also FCA US LLC*, 329 F.R.D. at 567 (citing Sixth Circuit cases in which courts have been hesitant to sanction examination of an opponent's computer based on a mere suspicion alone of withholding discoverable documents). Plaintiff has not suggested that there are any "discrepancies or inconsistencies in

11

[Defendant Macomb County's] discovery responses" that would possibly justify examination of its electronic storage systems here, nor has Plaintiff offered evidence that Defendant Macomb County has "lied or been disingenuous." *FCA US LLC*, 329 F.R.D. at 567 (citing *Hawkins v. Center for Spinal Surgery*, No. 12-1125, 2015 WL 3795297, at *3 (M.D. Tenn. June 18, 2015)). Indeed, Defendant Macomb County has asserted that Sanborn has consistently testified in numerous depositions in other, unrelated cases as far back as September 2017—in depositions *conducted by Plaintiff's counsel*—that Sanborn's notes and records from her tenure as Jail Administrator were left with Defendant Macomb County upon her retirement. (ECF No. 99, PageID.1461.) And, as early as November 2017, Defendant Macomb County informed Plaintiff's counsel as part of these unrelated cases that Sanborn's documents were disposed of after her retirement. (*Id.* at PageID.1462.) Plaintiff's contention that "[t]he vast majority of the [approximately 900] documents contained on the flash-drive [provided by Defendant Macomb County in June of 2021] do not relate to records pertinent to the three (3) years prior to the March 20, 2016 birth of Plaintiff's child" does not, by itself, suggest that records in

that three-year period in fact still exist on Defendant Macomb County's servers. (ECF No. 95, PageID.1275.)

Second, Plaintiff's request is "extremely broad in nature and the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantiated in nature." *Goetz*, 531 F.3d at 460 (quoting *Balboa Threadworks, Inc. v. Stucky*, No. 05-1157-JTM-DWB, 2006 WL 763668, at *3 (D. Kan. Mar. 24, 2006)). While Sanborn's testimony does indicate that she kept voluminous notes and records during her time as Jail Administrator, attesting to the existence of these records at one time, Plaintiff's request is not limited to examination of a single computer hard drive or of a known electronic storage source that solely consisted of Sanborn's records. Rather, as Defendant Macomb County notes in its response, while Plaintiff requests "the hard drive in which the ESI was 'over-written'" (ECF No. 95, PageID.1289), "[t]he County and the Sheriff's Office instead operates on shared drives integral to servers hard wired into a multi-server server farm.  The servers cannot be moved, removed, or turned over to anyone for any purpose without shutting down law enforcement and jail operations completely." (ECF No. 99, PageID.1465–1466.) Because production of a "hard drive" in this case

is effectively impossible, Plaintiff's motion to compel thus would require a more complex mirror-imaging scheme or investigation by an onsite independent forensic examiner than the request as proposed by Plaintiff, leading to the determination that Plaintiff's request is unduly vague. *Contrast to Delta T, LLC v. Williams*, 337 F.R.D. 395, 401 (S.D. Ohio 2021) (finding the scope of compelled production not unduly vague where the plaintiff proposed tailoring a search through use of an independent forensic examiner that would create a forensic image of the electronic devices, search the devices by predetermined and limited search terms, and provide the documents generated by the search to the defense counsel before production).

Third, "courts must consider the significant interests implicated by forensic imaging before ordering such procedures[,]" including the necessity of forensic imaging in the context of the claims in tandem with the privacy and confidentiality concerns inherent to such a process. *Goetz*, 531 F.3d at 460. As in *Goetz*, forensic examination of the entirety of Defendant Macomb County's server site would "almost certainly" have resulted in the production of confidential municipal or private personal information wholly unrelated to the litigation. *Goetz*, 531 F.3d at 460.

While *Goetz* considered the significant confidentiality interests related explicitly to the state, and not municipal, authorities, as is the case here, the Court ventures that confidentiality concerns of municipal actors like Defendant Macomb County are of a greater concern as compared to other areas of civil discovery. *See*, *e.g., id*. ("As directives to state officials, these orders implicate federalism and comity considerations not present in typical civil litigation."). "Although the risk of improperly exposing such information, standing alone, might not preclude the employment of forensic imaging in all cases, the forensic imaging must be premised on an interest significant enough to override that risk." *Id*. Plaintiff has not demonstrated that there is such an interest here. While Plaintiff has an interest, and a right under Rule 26, to obtain relevant information within the scope of discovery, Defendant Macomb County has suggested that further investigation into this area would cause a burden—and Plaintiff has failed to demonstrate why such a burden would not exceed any likely benefit here. This is particularly so in light of Defendant Macomb County's depiction of the dual review process undertaken following the March 9, 2021 discovery dispute conference to locate folders and files

originating with Sanborn and the subgroup connected to CCS. (ECF No. 99, PageID.1463.)

Additionally, Plaintiff does not indicate her rationale as to why Plaintiff is "entitled to understand" why the Sanborn documents at issue were destroyed or lost or why such destruction or loss "is worthy of investigation and discovery." (ECF No. 95, PageID.1288.) Plaintiff straddles the line between arguing for discovery to be compelled based on relevance and proportionality with suggestions of spoliation.[2] While Plaintiff states that "Macomb County's motivation for such destruction [of some of the Sanborn documents] is not at issue in this Motion to Compel," Plaintiff fleetingly suggests, without explanation, that there has been spoliation here, asserting that "[w]hy the County randomly chose to save some years of documents but lost or destroyed most of the pertinent documents is worthy or healthy suspicion and may suggest bad faith on the County's part." (*See* ECF No. 95, PageID.1283, 1288.)

"As a general matter, it is beyond question that a party to civil litigation has a duty to preserve relevant information, including ESI,

---

[2] Spoliation is defined as "the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction." *United States v. Copeland*, 321 F.3d 582, 597 (6th Cir. 2003) (internal citation omitted).

when that party 'has notice that the evidence is relevant to litigation or . . . should have known that the evidence may be relevant to future litigation.'" *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)). "It is the responsibility of the parties to ensure that relevant ESI is preserved, and when that duty is breached, a district court may exercise its authority to impose appropriate discovery sanctions." *Id*. Yet Plaintiff's motion to compel did not engage with the question of whether Defendant Macomb County had a duty to preserve the now-lost Sanborn documents and whether that duty was breached. Nor did Plaintiff seek discovery sanctions under Federal Rules of Civil Procedure 37(e)(1) and (e)(2), such as default judgment or adverse inference, for a non-remediable loss. *See, e.g., Konica Minolta Bus. Sols., U.S.A. Inc v. Lowery Corp.*, No. 15-CV-11254, 2016 WL 4537847, at *2 (E.D. Mich. Aug. 31, 2016). And, even if Defendant Macomb County were to have been engaging in discovery misconduct, "forensic imaging is not the only available means by which the district court may respond to what it perceives to be discovery misconduct. The district court maintains authority to impose sanctions for discovery violations under the federal

rules and pursuant to its inherent powers." *Goetz*, 531 F.3d at 460. The Court will not compel production or imaging of Defendant Macomb County's electronic storage system in the absence of any discovery misconduct and will reserve its right to impose sanctions if discovery violations are later unearthed.

Additionally, particularly in the absence of any evidence of discovery misconduct, Plaintiff has offered no legal authority that would allow Plaintiff to compel an employee of Defendant Macomb County to be compelled to consult with a theoretical expert of Plaintiff in this regard. Accordingly, Plaintiff's motion to compel discovery is denied in its entirety.

## IV. Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's motion to compel discovery.

IT IS SO ORDERED.

Dated: October 15, 2021          s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                               United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2021.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager
