UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jessica Lynne Preston,

        Plaintiff,        Case No. 18-12158

v.

                              Judith E. Levy
                              United States District Judge

County of Macomb, *et al.*,

                              Mag. Judge Elizabeth A. Stafford

       Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT MACOMB COUNTY'S SUPPLEMENTAL BRIEF [131], SETTING SUPPLEMENTAL BRIEFING SCHEDULE, AND ADJOURNING MOTION HEARING**

Before the Court is Plaintiff's motion to strike Defendant Macomb County's amended supplemental briefing (ECF No. 130). (ECF No. 131.) On February 1, 2022, the Court set forth a supplemental briefing schedule in which the parties were ordered to address the impact of *Brawner v. Scott Cty., Tennessee*, 14 F.4th 585 (6th Cir. 2021) and *Greene v. Crawford Cty., Michigan*, 22 F.4th 593 (6th Cir. 2022) on the pending motions for summary judgment (*see* ECF Nos. 103, 107). (ECF No. 124.) Additionally, the scheduled February 8, 2022 hearing on the pending

motions for summary judgment (ECF Nos. 103, 107) was adjourned to April 7, 2022. (ECF No. 125.) All parties timely filed supplemental briefing in accordance with the Court's order in February of 2022. (*See* ECF Nos. 126–128.)

On March 29, 2022—following the submission of all parties' supplemental briefs—the Sixth Circuit released an opinion in *Trozzi v. Lake Cty., Ohio*, —— F.4th ——, No. 21-3685, 2022 WL 909411, at *1 (6th Cir. Mar. 29, 2022), further clarifying the evolving law governing deliberate indifference claims following *Brawner*. As a result, on March 30, 2022, Defendant Macomb County filed an amended supplemental brief to identify *Trozzi* as a case directly bearing on the issues identified by the Court in the February 1, 2022 Order for supplemental briefing. (ECF No. 130.)

On April 1, 2022, Plaintiff filed a motion to strike Defendant Macomb County's amended supplemental briefing. (ECF No. 131.) Plaintiff argues that Defendant Macomb County filed its amended supplemental briefing "over the objection of Plaintiff's counsel" and in violation of both the Court's February 1, 2022 Order for supplemental briefing as well as the Eastern District of Michigan Local Rule 7.1. (*Id.*

2

at PageID.7094.) Plaintiff requested that Defendant Macomb County's amended supplemental brief be stricken and the April 7, 2022 hearing date proceed as scheduled. (*Id.* at PageID.7095–7096.) In the alternative, Plaintiff requested that the April 7, 2022 hearing be adjourned to allow Plaintiff to respond to Defendant Macomb County's amended supplemental briefing. (*Id.*)

In light of *Trozzi*'s clarifications of the "*Farmer-Brawner* test" for an inadequate-medical-care claim under the Fourteenth Amendment, *see* No. 21-3685, 2022 WL 909411, at *7, the Court will **DENY** Plaintiff's motion to strike Defendant Macomb County's amended supplemental briefing. (ECF No. 131.) The Court will permit supplemental briefing from Plaintiff and Defendants Correct Care Solutions, L.L.C.; Lawrence Sherman, M.D.; Cynthia Deview, R.N.; Amanda Bishop, L.P.N.; and Jacyln Lubanski, L.P.N. (hereinafter, the "CCS Defendants"). Specifically, Plaintiff and the CCS Defendants may file supplemental briefing regarding how to analyze the second and third elements of the

3

*Farmer-Brawner* test as outlined in *Trozzi*[1] with regard to Plaintiff's claims.

If Plaintiff and/or the CCS Defendants wish to file a supplemental brief, of no more than 7 pages, addressing this topic, they must do so by **April 7, 2022**. The Court will adjourn the motion hearing set for April 7, 2022 and will reschedule it for a later date.

IT IS SO ORDERED.

Dated: April 2, 2022  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

---

[1] The Court refers to the following two elements of the *Farmer-Brawner* test as articulated by *Trozzi*:

> (2) [whether] a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) [whether] the prison official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk.

No. 21-3685, 2022 WL 909411, at *7.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 2, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
