# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JESSICA LYNNE PRESTON

       Plaintiff,

v.

COUNTY OF MACOMB, ET AL,
       Defendants.

Case No. 5:18-cv-12158
District Judge: Judith E. Levy
Mag. Judge: Elizabeth A. Stafford

_____/

IHRIE O'BRIEN
Robert D. Ihrie (P26451)
Harold A. Perakis (P35921)
Attorneys for Plaintiff
24055 Jefferson Avenue, Suite 2000
St. Claire Shores, MI 48080
(586) 778-7778
hperakis@ihrieobrienlaw.com

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
David B. Mammel (P60732)
Attorneys for Correct Care Solutions, LLC, Lawrence Sherman, MD, Cynthia Deview, R.N.; Amanda Bishop, R.N.; and Jaclyn Lubanski, L.P.N
1441 West Long Lake Rd., Suite 310
Troy, MI 48098 (248) 644-6326
rchapman@chapmanlawgroup.com
Dmammel@chapmanlawgroup.com

MACOMB COUNTY CORPORATION COUNSEL
John A. Schapka (P36731)
Attorneys for Defendants County of Macomb,
Anthony Wickersham, and Jeffrey Rattray
One South Main Street, 8th Floor
Mount Clemens, MI 48080
(586) 469-6346
john.schapka@macombgov.org

_____/

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A POST-SUMMARY JUDGMENT HEARING SUPPLEMENTAL BRIEF IN SUPPORT OF HER RESPONSES TO CCS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF 119) AND DEFENDANT MACOMB COUNTY'S MOTION FOR SUMMARY JUDGMENT (ECF 120)**

NOW COMES, Plaintiff, Jessica Preston, ("Preston"), by and through her attorneys, IHRIE O'BRIEN ALBRIGHT PERAKIS, by Harold A. Perakis, and hereby requests that Plaintiff be allowed to supplement her Response to CCS Defendants' Motion for Summary Judgment (ECF 119) and Defendant Macomb County's Motion for Summary Judgment (ECF 120) in order to clarify facts that were presented at the hearing that do not and did not comport with the evidentiary record and the previously filed videotape, and in support of this Motion states as follows:

1. On April 11, 2022, a hearing was held regarding CCS Defendants' Motion for Summary Judgment (ECF 103) and Defendant Macomb County's Motion for Summary Judgment (ECF 107).

2. During the hearing, this Court requested factual information that Plaintiff counsel did not have readily available during the hearing. Those predominantly factual issues at the hearing included:

- when did each CCS Defendant, i.e. Dr. Lawrence Sherman ("Dr. Sherman"), Cynthia Deview, R.N. ("Nurse Deview"), Amanda Bishop, LPN (N.K.A.

Amanda Nunez), ("LPN Bishop"), and Jessica Lubanski (N.K.A. Jessica Matz), (LPN Lubanski) become aware of the high risk nature of Plaintiff's pregnancy in jail that resulted in her child being born in the Jail Cell ("ME6") at 2:38 p.m. on March 20, 2016?;

- what evidentiary inconsistencies existed between the CCS medical records, Defendants' testimony related to those records, and the just over one (1) hour videotape evidence of the birth of Plaintiff's child in the jail cell?; and

- whether Plaintiff had retained what this Court referred to as a "deliberate indifference" expert? Plaintiff counsel incorrectly stated that Plaintiff did not have a deliberate indifference expert when in fact Dr. Steven Powers' deposition testimony and expert report properly addressed medical care standards and the reasons why the CCS Defendants' consciously disregarded the serious risk of harm to Plaintiff.

3. Plaintiff contends that a more detailed examination and analysis of the evidence contained in the in-cell videotape (ECF No. 129), medical records (ECF 138), and the deposition testimony of CCS Defendants and employees will assist this Court in addressing the afore-referenced issues presented during the Motion hearing.

4. In addition, Plaintiff contends that the factual analysis to be provided in her proposed Supplemental Brief will not stray from analysis of the evidence of

record that has been filed to date, which will include the videotape, the medical records related to Plaintiff's claimed care, and the previously filed deposition transcripts identified by Plaintiff (ECF No. 120, Page ID 6499) and CCS Defendants (ECF No. 103-1, Page ID 2069-2070).

5. To varying degrees, each type of evidence involved will assist this Court in determining what each CCS Defendant knew or should have known related to the high risk nature of Plaintiff's pregnancy, when they knew or should have known of the serious risk of harm to Plaintiff, and what, if any, treatment provided by the CCS Defendants demonstrated deliberate indifference, as defined in recent Sixth Circuit precedent in the *Brawner v Scott Co, Tennessee,* 14 F.4th 585, at 597-599 (6th Cir, 2021) and *Greene v Crawford County, Michigan*, 22 F.4th 593, at 607. (6th Cir. 2022) decisions. (See Plaintiff's Supplemental Brief ECF 126, Page ID 6964-6971 and ECF 135, Page ID 737-739).

6. The third issue noted above includes a legal issue that was addressed in *Milline v Correct Care Solutions,* No. 17-cv-12723, 2021 WL 3363398, at *9. (ED Mich, August 3, 2021), a case involving Defendant CCS and the Macomb County Jail.

7. In *Milline,* United States District Court Judge Mattthew F. Leitman issued an August 3, 2021 Opinion and Order that, inter alia, denied CCS Defendant's

4

Nurse Practitioner, Temitope Olagbaiye's ("NP Olagbaiye") Renewed Motion for Summary Judgment. Plaintiff contends that Judge Leitman's Opinion addresses factual and legal issues that mirror those issues presented in this litigation, thereby allowing Plaintiff's expert Dr. Steven Powers to testify to a medical standard of care ("medical malpractice") **as well as** a standard of care that demonstrated deliberate indifference because the care was so inadequate as to be no care at all. *Milline, Id.,* at *7-9. (Emphasis added).

8. Moreover, Plaintiff contends that the deliberate indifference standards applied in *Brawner v Scott Co, Tennessee,* 14 F.4th 585, at 597-599 (6th Cir, 2021) and *Greene v Crawford County, Michigan,* 22 F.4th 593 (6th Cir. 2022) emphasized what a "reasonable" medical care provider knew, or should have known, when providing medical care to an inmate who was facing a serious risk of harm. As such, and consistent with the *Milline* Opinion, Plaintiff's expert appropriately addressed CCS Defendants' inadequate and delayed care that exposed Plaintiff and her child to a serious risk of harm. (See Plaintiff's Brief in Support of Response to CCS Defendants' Motion for Summary Judgment, ECF No. 120, Page Id 6510-6512 and Plaintiff's Supplemental Brief, ECF 126, Page ID 6966-6970).

9. While Plaintiff's discussion of the *Milline* decision in this Motion was not included in Plaintiff's prior filings, Plaintiff contends that the factual

similarities between Judge Leitman's factual and legal analysis and the case at bar are relevant and should be applied here.

10. Plaintiff contends that Fed. R. Civ.P.15(d) and federal court precedent allows for filing a Supplemental Brief after the hearing on a Summary Judgment Motion has occurred. (See citations in Brief in Support of this Motion).

11. Moreover, Plaintiff contends that CCS Defendants and Defendant Macomb County will not be prejudiced by filing of the Supplemental Brief because the factual and legal issues presented therein have been addressed in pleadings previously filed by Plaintiff and Defendants.

12. Before filing this Motion, Plaintiff counsel has sought concurrence with the relief requested herein in accordance with E.D. Mich L.R. 7.1 and CCS Defendants' and Macomb County Defendant counsels have not concurred.

Respectfully submitted,

IHRIE O'BRIEN

Dated: May 2, 2022   By:   /s/ *Harold A. Perakis*
                           Harold A. Perakis (P35921)
                           Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA LYNNE PRESTON

        Plaintiff,

v.

COUNTY OF MACOMB, ET AL,
        Defendants.

Case No. 5:18-cv-12158
District Judge: Judith E. Levy
Mag. Judge: Elizabeth A. Stafford

_____/

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A POST-SUMMARY JUDGMENT HEARING
SUPPLEMENTAL BRIEF IN SUPPORT OF HER RESPONSES TO CCS
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF 119) AND
DEFENDANT MACOMB COUNTY'S MOTION FOR SUMMARY
JUDGMENT (ECF 120)**

I.    INTRODUCTION

Under Fed. R. Civ.P.15(d), courts may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Consistent with the liberal pleading standards of federal court, Rule 15 directs the court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); see 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1473 (3d ed.). Underlying the rule is the principle that "cases should be tried on their merits rather than the technicalities of

pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). *United States ex rel Lynn v City of Detroit*, No. 17-14168, 2022 WL 163616, at *2 (ED Mich, January 18, 2022).

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182 (1962). This standard applies to both proposed amended and supplemental pleadings. See *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002); *Bromley v. Mich. Educ. Ass'n-NEA*, 178 F.R.D. 148, 154 (E.D. Mich. 1998). *United States ex rel Lynn v City of Detroit, Id.,* at *2–4.

## II. DISCUSSION

Plaintiff contends that her requested Supplemental Brief in opposition to CCS Defendants' and Defendant Macomb County's Motions for Summary Disposition:

- Will assist this Court's understanding of factual questions and issues that arose at the Motion hearing on April 11, 2022;
- Will promote the afore-referenced jurisprudential goal of ruling on the factual merits of Plaintiff's claims reflected in the three types of evidence contained in

the evidence of record: videotape, medical records, and extensive deposition testimony;

- Will include only previously admitted evidence of record; and
- Will be limited to a seven (7) page Brief or other restriction that this Court requires.

Furthermore, several federal court decisions have allowed parties to supplement responses to summary judgment motions after a hearing on the motion occurred. For example, in a bankruptcy matter, shortly after the hearing on Defendant's Motion for Summary Judgment, Defendants filed a Motion for Leave to File a Supplemental Brief in support of Defendants' Motion for Summary Judgment. The Court allowed the supplemental filing. *In re Laura Jean Kelsey, Debtor, v Sean Fitzgerald and Mcshane & Bowie, PLC*, No. 08-80501, 2010 WL 2105343, at *1 (U.S. Bankruptcy Court, WD Mich, May 21, 2010).

In *Foko v Freudenberk-NOK General Partnership*, 892 F.Supp 2d 871 (2012), plaintiff filed a response in opposition to the defendants' pending motion for summary judgment. Three business days before the scheduled hearing on that Motion the plaintiff filed a supplemental response to the motion. After the Defendant filed a Motion to Strike the supplemental response, U.S. District Court Judge George Caram Steeh denied the Motion to Strike and permitted the defendant to file a reply

to plaintiff's supplemental response. *Id.*, at 873.

And in another bankruptcy matter, *In Re: Iannarino v Stifel Financial Corp.*, 21-02003, 2022 WL 963944, at *1 (U.S. Bankruptcy Court, SD Ohio, March 29, 2022), U.S. Bankruptcy Judge Mina Name Khorrami allowed the parties to file various supplemental memorandum in support of the plaintiff's Motion for Summary Judgment and in opposition to the Motion after the hearing on the Plaintiff's Motion.

II. CONCLUSION

Plaintiff's request to supplement her prior pleadings has been filed within a reasonable time after the April 11, 2022 hearing, i.e. within twenty-one days of the hearing. Neither bad faith nor dilatory motive can be attached to this request because the requested supplement will only address factual issues contained within the record. Rather, Plaintiff contends that this request is being made to clarify facts that Plaintiff counsel could not provide at the hearing, or as noted in Plaintiff's Motion, was inaccurately assessed by Plaintiff counsel related to Plaintiff's expert's role in providing testimony and expert opinion in this matter.

For the reasons cited herein, Plaintiff requests that this Court grant Plaintiff leave to file a Supplemental Brief that shall be limited to seven (7) pages, or whatever other restriction is required by this Court.


Respectfully submitted,

IHRIE O'BRIEN

Dated: May 2, 2022  By: /s/ *Harold A. Perakis*
Harold A. Perakis (P35921)
Attorney for Plaintiff

## PROOF OF SERVICE

Tracy L. Urbanowicz, being first duly sworn deposes and states that on May 2, 2022, I served a copy of PLAINTIFF'S MOTION AND BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A POST-SUMMARY JUDGMENT HEARING SUPPLEMENTAL BRIEF IN SUPPORT OF HER RESPONSES TO CCS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF 119) AND DEFENDANT MACOMB COUNTY'S MOTION FOR SUMMARY JUDGMENT (ECF 120) and this PROOF OF SERVICE were served upon all attorneys on record for all of the parties via the Court ECF/E-Filing System. I declare under the penalty of perjury that the statement above is true to the best of my knowledge, information and belief.

/s/ *Tracy L. Urbanowicz*
Tracy L. Urbanowicz